# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| BOOKER R.,[1] | : | Case No. 3:22-cv-00170 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income in August 2019. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court AFFIRMS the Commissioner's decision.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

## I. BACKGROUND

Plaintiff asserts that he has been under a disability since August 30, 2018. At that time, he was 43 years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] Plaintiff has at least a high school education. *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," ECF No. 9) is summarized in the ALJ's decision (*id.* at PageID 37-48), Plaintiff's Statement of Errors ("SE," ECF No. 10), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," ECF No. 11), and Plaintiff's Reply Memorandum ("Reply," ECF No. 12.) Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## II. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

2

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### III. FACTS

#### A. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since August 30, 2018, the alleged onset date. |
| Step 2: | | He has the severe impairments of osteoarthritis, diabetes mellitus, hypertension, and obesity. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. |

4

> § 404.1567(b), subject to the following limitations: "he requires the option to sit for up to 5 minutes approximately hourly, can never climb ladders, occasionally climb ramps and stairs, occasionally stoop, kneel, crouch, and crawl; he must avoid concentrated exposure to extreme cold and excessive humidity; and he must avoid work at unprotected heights or operating dangerous machinery with unguarded moving mechanical parts."
>
> He is unable to perform any of his past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(AR, ECF No. 9-2 at PageID 40-47.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 47-48.)

### B. State Agency Medical Consultants

State agency medical consultant William Bolz, M.D. reviewed the record and completed a physical RFC assessment in November 2019. (AR, ECF No. 9-3 at PageID 82-90.) Dr. Bolz opined that Plaintiff could occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, stand or walk for a total of six hours in an eight-hour workday, and sit for a total of six hours in an eight-hour workday. (*Id.* at PageID 86-87.) According to Dr. Bolz, Plaintiff could frequently stoop or climb ramps or stairs and could occasionally kneel, crawl, crouch, and climb ladders, ropes, or scaffolds. (*Id.* at PageID 87-88.) Dr. Bolz also opined that Plaintiff needed to avoid concentrated exposure to hazards. (*Id.* at PageID 88.) Dimitri Teague, M.D. reviewed the updated record at the reconsideration level in February 2020. (*Id.* at PageID 105-06). Dr. Teague affirmed Dr. Bolz's assessment. (*Id.*)

5

The ALJ concluded that Dr. Bolz's and Dr. Teague's findings were "mostly persuasive." (AR, ECF No. 9-2 at PageID 45.) In her analyses of both assessments, the ALJ explained:

> The undersigned finds this opinion is supported by explanation and is generally consistent with the preponderance of evidence; and therefore is mostly persuasive. However, testimony and the combined effect of his illnesses, and considering effects of obesity, persuade [sic] he will require the ability to sit at times during the work shift as pursuant to the [RFC].

(*Id.* at PageID 45.)

## IV. LAW AND ANALYSIS

Plaintiff asserts the following errors:

1. The ALJ reversibly erred by failing to properly evaluate the opinion evidence and prior administrative findings for consistency and supportability as required by 20 C.F.R. § 404.1520c; and

2. The ALJ reversibly erred in evaluating Plaintiff's RFC and failed to carry the step 5 burden.

(SE, ECF No. 10 at PageID 1196.) For the reasons discussed below, these contentions are not well-taken.

### A. The ALJ Did Not Reversibly Err in Evaluating the Findings of the State Agency Medical Consultants

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. ALJs must analyze the persuasiveness of "***all*** of the medical opinions" in the record. 20 C.F.R. § 404.1520c (emphasis added). A "medical opinion" is a "statement from a medical source about what [an individual] can still do despite [her] impairment(s)" and whether the individual has one or more impairment-related limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). By contrast, a statement from a

6

medical source about an issue reserved to the Commissioner—such as whether an individual is disabled—need not be addressed by the ALJ. 20 C.F.R. § 404.1520b(c)(3).

Because Plaintiff filed his claim after March 27, 2017, the new regulations for evaluating medical opinion evidence applied. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

Significantly, because the first two factors—supportability and consistency—are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).[3] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

---

[3] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

Plaintiff's assertion that the ALJ did not properly evaluate the State agency medical consultants' prior administrative findings is not well-taken. The Court finds that the ALJ complied with applicable regulations when she found that the State agency medical consultants' findings were mostly persuasive, and her RFC is supported by substantial evidence.

The ALJ concluded that the consultants' findings were "supported by explanation" and "generally consistent with the preponderance of the evidence." (AR, ECF No. 9-2 at PageID 45.) The ALJ's conclusion about supportability is supported by the consultants' summaries of the evidence that they reviewed and their explanations of the limitations they assessed. (*See* AR, ECF No. 9-3 at PageID 85-86, 104-06.) The ALJ's conclusion about consistency is supported by the ALJ's discussion of the medical and other evidence earlier in the decision. (*See* AR, ECF No. 9-2 at PageID 43-45.) The ALJ balanced the evidence and found that the consultants' findings were "mostly persuasive." The ALJ also explained that due to the combined effect of Plaintiff's impairments and the effects of obesity, she further limited Plaintiff to the sit/stand option described in the RFC. (*Id.* at PageID 45.) Thus, the ALJ addressed the supportability and consistency of the consultants' findings as required by 20 C.F.R. § 404.1520c(b)(2), (c)(1), and (c)(2), and her findings are supported by substantial evidence.

Plaintiff contends that the ALJ failed to adequately articulate her reasons for concluding that the consultants' findings were mostly persuasive: "[T]he ALJ merely repeated the limitations opined by the consultants, and then vaguely reasoned that their opinions are "supported by explanation and [] generally consistent with the

8

preponderance of evidence." (SE, ECF No. 10 at PageID 1202.) Plaintiff cites to several cases in support of this argument. (SE, ECF No. 10 at PageID 1203; Reply, ECF No. 12 at PageID 1229-30.) All of them are distinguishable. (SE, ECF No. 10 at PageID 1203 (citing *Reed v. Comm'r of Soc. Sec.*, No. 3:20-CV-02611-CEH, 2021 WL 5908381, at *6 (N.D. Ohio Dec. 14, 2021); *Todd v. Comm'r of Soc. Sec.*, No. 3:20-cv-1374, 2021 WL 2535580, at *8 (N.D. Ohio June 3, 2021); *Jacob B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-617, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) (Litkovitz, M.J.)).)

Unlike the ALJ in this case, the ALJ in *Reed* did not specifically refer to "supportability" or "consistency." 2021 WL 5908381, at *6 (N.D. Ohio Dec. 14, 2021). The court inferred a consistency evaluation because the ALJ discussed the plaintiff's daily activities, but the court found "nothing [to] construe as discussing supportability . . . ." *Id.* But in this case, the ALJ expressly addressed supportability and consistency.

Similarly, the ALJ in *Todd* failed to refer to supportability or consistency. No. 3:20-CV-1374, 2021 WL 2535580, at *5 (N.D. Ohio June 3, 2021), *report and recommendation adopted,* No. 3:20 CV 1374, 2021 WL 2530846 (N.D. Ohio June 21, 2021). Unlike this case, the ALJ did not compare the treating physician's opinion to the evidence of record or to the physician's own findings or explanations. Instead, the ALJ found that the opinion at issue was unpersuasive solely because of the possible motives underlying the physician's opinion due to his relationship with and potential sympathy for the plaintiff. *Id.* The *Todd* court found the ALJ's reasoning was "terse" and "failed to build an accurate and logical bridge between the evidence and his conclusion that [the

9

physician's] opinion was substantially inconsistent with the medical record." *Id.* (citation omitted). Such a conclusion would not be appropriate here.

Finally, the *Jacob B.* court found that the ALJ "cherry-picked" the evidence and therefore concluded that the ALJ's analysis of a treating physician's opinion was not supported by substantial evidence. No. 1:20-CV-617, 2022 WL 130761, at *7 (S.D. Ohio Jan. 14, 2022). But the ALJ in this case did not selectively review the record and engage in impermissible cherry-picking. Instead, for the reasons discussed above, the ALJ's conclusions are supported by substantial evidence.

Plaintiff further argues that the ALJ "must do more than pay lip service to the regulation without substantively engaging with the supportability and consistency of medical opinions in any detail whatsoever . . . ." (Reply, ECF No. 12 at PageID 1229-30). The Court disagrees with Plaintiff's contention that the ALJ merely "pa[id] lip service" to the regulation. As noted in another case cited by Plaintiff, the length of an ALJ's explanation "need not be profound." *Vaughn v. Comm'r of Soc. Sec.*, No. 20-CV-1119-TMP, 2021 WL 3056108, at *9 (W.D. Tenn. July 20, 2021) (finding a three-sentence explanation of the consistency factor to be sufficient). Significantly, the *Vaughn* court also acknowledged that the ALJ "described her concerns about the consistency of Dr. Collier's opinion with the rest of the record in general terms," but nevertheless found the analysis sufficient because the ALJ "elaborated on several aspects of the record that illustrate her noted inconsistencies ***in other parts of her decision***." *Id.* (emphasis added).

The Sixth Circuit Court of Appeals has not specifically addressed the articulation required for an ALJ to adequately explain her consideration of the supportability and

consistency factors as required by 20 C.F.R. § 404.1520c(b)(2). However, the Sixth Circuit generally has held that meaningful judicial review exists—even if the ALJ provided only a cursory or sparse analysis—if the ALJ made sufficient factual findings elsewhere in the decision that support her conclusion. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (looking to findings elsewhere in the decision to affirm the ALJ's step three analysis, and finding no need for the ALJ to "spell out every fact a second time"); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365-66 (6th Cir. 2014) (finding that the ALJ made "sufficient factual findings elsewhere in his decision to support his conclusion at step three). The decision in *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) is particularly instructive. In that case, the Sixth Circuit held that the ALJ did not err by concisely explaining that a treating physician's opinion was "not consistent with the past treatment records" when analyzing the consistency factor. 660 F. App'x at 457. The Sixth Circuit reasoned that although the ALJ did not "reproduce the list of [the plaintiff's] treatment records a second time" to support this conclusion, "it suffices that she listed them elsewhere in her opinion." *Id.*

Here, the ALJ's evaluation of the medical evidence earlier in the decision—including her comparison of the State agency medical consultants' findings to their own explanations and to other evidence in the record that documents Plaintiff's obesity—suffices to allow this Court to engage in meaningful review of the ALJ's decision. And as discussed above, the Court concludes that the ALJ complied with applicable regulations when she found that the State agency medical consultants' findings were mostly persuasive, and also that her analysis is supported by substantial evidence.

### B.     The ALJ Did Not Reversibly Err in Assessing Plaintiff's RFC

A claimant's RFC describes the most he can do in a work setting despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). Determination of the RFC is a task reserved for the ALJ. 20 C.F.R. § 404.1546(c); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of his [RFC]'"). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the RFC on all relevant evidence in the record, including the claimant's descriptions of limitations from his impairments and symptoms, objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings. *See* 20 C.F.R. § 404.1545(a)(1)-(5).

Plaintiff argues that he cannot perform light exertion work, and contends that the ALJ erred by failing to account for his need to elevate his legs in the RFC. (SE, ECF No. 10 at PageID 1204.) These contentions are not well-taken.

Plaintiff's argument is based on speculation, not any objective medical evidence. The record contains no medical opinion that Plaintiff would consistently need to elevate his legs throughout the workday.[4] By relying on his own testimony, several examination

---

[4] Plaintiff cites to evidence from Wilson Phu, D.O. in support of the assertion that elevating his legs is medically necessary. (SE, ECF No. 10 at PageID 1204.) Dr. Phu filled a prescription for compression stockings, recommended staying active and restricting salt, and referred Plaintiff to podiatry. (*Id.*) Dr. Phu

findings, prescribed medications, and treatment notes, Plaintiff essentially challenges the ALJ's interpretation of the record. (SE, ECF No. 10 at PageID 1204.) Yet as indicated above, the substantial evidence standard precludes this Court from weighing the evidence and deciding whether the preponderance of the evidence would support a different conclusion. *Biestek*, 139 S. Ct. at 1154 (2019).

Instead, this Court is limited to determining whether the ALJ's findings are supported by substantial evidence – and it finds that they are. The ALJ acknowledged many of Plaintiff's subjective complaints, including back and leg pain, leg swelling, difficulty with daily activities, and difficulty with exertional activities such as lifting, standing, and walking. (AR, ECF No. 9-2 at, PageID 43.) The ALJ also acknowledged Plaintiff's testimony that he needed to elevate his legs for approximately three to four hours "after he has been on his feet for a while." (*Id.*) The ALJ then summarized the medical records that documented Plaintiff's treatment for his physical conditions. (*Id.* at PageID 43-44.) The ALJ cited to bilateral knee imaging that showed overall moderate osteoarthritis. (*Id.* at PageID 43.) She acknowledged many of the abnormal objective examination findings which included effusion, diffuse tenderness to palpation, limited range of motion, and decreased strength on some occasions. (*Id*) The ALJ compared

---

also "suggested" that Plaintiff elevate his legs during a checkup in September 2019. (AR, ECF No. 9-8 at PageID 480.) Dr. Phu did not elaborate about when, how long, how often, or how high Plaintiff should elevate his legs. (*Id.*) Nor did Dr. Phu address what Plaintiff "can still do despite [his] impairment(s)" or whether Plaintiff has impairment-related limitations or restrictions. (*Id.*) Because Dr. Phu did not address the specific extent of Plaintiff's limitations, his statement is not a "medical opinion" under 20 C.F.R. § 404.1513(a)(2), but instead constitutes "other medical evidence." 20 C.F.R. § 404.1513(a)(3). Plaintiff has not argued that the ALJ erred by failing to evaluate Dr. Phu's statement as a "medical opinion" under 20 C.F.R. § 404.1520c.

these findings to other examinations that showed normal coordination, normal sensation, normal strength, good range of motion in all major joints, and a normal gait. (*Id.*) The ALJ also considered the exacerbating effects of Plaintiff's obesity. (*Id.* at PageID 44.)

The ALJ concluded that the balance of the objective evidence did not support Plaintiff's allegations of symptom severity. (AR, ECF No. 9-2 at PageID 42, 44.) The ALJ accounted for this evidence by limiting Plaintiff to the reduced range of light work in the RFC. (*Id.* at PageID 44.) The ALJ further accounted for Plaintiff's edema and knee pain by including an option to sit for five minutes each hour. (*Id.*) These conclusions are supported by substantial evidence and are within the zone of choice available to the ALJ. Accordingly, the ALJ did not err by failing to include an additional limitation allowing Plaintiff to elevate his legs.

## V. CONCLUSION

For the reasons discussed above, the ALJ properly applied the governing legal framework and substantial evidence supports her conclusions. Accordingly, Plaintiff's Statement of Errors lacks merit.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (ECF No. 10) is OVERRULED;
2. The Court AFFIRMS the Commissioner's non-disability determination;
3. This case is terminated on the Court's docket.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge